126 F.Supp. 420 (1954)
Salvatore COSENTINO, Regional Director for the Twenty-Fourth Region, National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, DISTRICT COUNCIL OF PORTS OF PUERTO RICO; Local 1585, International Longshoremen's Association, and Eusebio G. Moreno, José N. Cabán, Juan Muller, and Angel Bialis, Respondents.
Civ. No. 8946.
United States District Court D. Puerto Rico, San Juan Division.
October 2, 1954.
*421 Alvin Lieberman, Washington, D. C., George L. Weasler, Santurce, Puerto Rico, Vincent Rotolo, New York City, for petitioner.
Thomas Sheehan, New York City, Rafael V. Pérez Marchand, Rio Piedras, Puerto Rico, Santos P. Amadeo, Santurce, Puerto Rico, for respondents.
A. C. SNYDER, Acting District Judge.
If there is nothing further, gentlemen, I see no reason for delaying my indication to you of my decision in this case. First, I would like to thank the attorneys for their able and courteous help to the Court. Mr. Pérez Marchand has made a very interesting and able argument on a very troublesome legal question with which we, in Puerto Rico, will be struggling for some time. I naturally expected that of him, knowing him in the past. It has been a pleasant introduction to you two gentlemen from New York, to have you in this case. You have been very helpful and courteous, and I like the fact that in a field as disputations as this one, that we could try the case with light, rather than heat. I congratulate you and I thank you.
Now, as to your motions. The motion to dismiss for lack of jurisdiction is one on which perhaps I could rule pro forma, as indicated by Mr. Lieberman, on the basis that I am bound by the fact that this case has a certification in it, and also by the fact that the statute recites that I need only find probable cause, rather than make a final determination on both facts and law. I put those two questions to one side, because I am satisfied that the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., applies to the facts of this case. Let me add that my present view is that you might well have a different question if this case had arisen in an industry which was not engaged in Interstate Commerce. Likewise, you might have a different question if the statute before us had been enacted or amended so far as its applicability clause is concerned, since the enactment and acceptance by the people of Puerto Rico of Act No. 600, 48 U.S.C. A. § 731b et seq.
In the first instance, as to local application it may well be, although I come to no positive conclusion on it in this case, that in Puerto Rico Federal statutes which would not be valid if applied locally in a State are no longer valid if so applied in Puerto Rico, in view of the terms of Act No. 600 and Act No. 447 of Congress accepting the Constitution, Joint Resolution July 3, 1952, 48 U.S.C.A. § 731d note. That is a question which remains to be solved in the future in an appropriate case. It may well come up in a National Labor Relations Board case, although with the new theory of the Board as to disclaimer of jurisdiction it may not come up with regard to Puerto Rico.
As to the second point, the present relation between Puerto Rico and the United States may well make it necessary for Congress, if it proposes to make *422 a Federal law equally applicable in Puerto Rico in the same way as it is applicable to the States of the Union, to make it applicable to Puerto Rico by using a term other than "Territory". I am satisfied that Puerto Rico is no longer a Territory in the sense that the term is used in the Constitution and the cases. Therefore, if the Congress of the United States proposes in the future to make a statute applicable to Puerto Rico, I believe that, generally speaking, it will have to make it so other than by the use of the term "Territory".
However, both those statements are very tentative. I don't propose to be bound by them in any other place or in this place in any other case. They are dicta on dicta, and spoken orally, although after many months of deliberation and study. In this case they are pure dicta, pure conversational conclusions, precisely because the case has arisen under a statute which was enacted prior to Act No. 600, and applies in this case as though to a State of the Union. I am satisfied that the whole body of Federal laws that apply in the same constitutional way as they do to a State, continue to apply to Puerto Rico wherever they have been previously applicable. Congress could not have meant any other conclusion, nor could Puerto Rico have consented to any other arrangement. Chaos would have immediately resulted if the contrary conclusion were reached. There are a host of statutes that applied to Puerto Rico without specifically mentioning its name, on the books of the United States Statutes. Personally, as far as I can recall, the probation statute applies to Puerto Rico without specifically mentioning its name. Surely this Court can continue to grant probation, and I believe Mr. Pérez Marchand might come in and make exactly the opposite argument on behalf of a client, and I would welcome such an argument, because consistency is demanded only of Courts and not of lawyers, and even Courts reverse themselves, and they should when they are convinced that a previous decision has been erroneous.
I therefore deny the motion of September 30, 1954, to dismiss the petition for lack of jurisdiction, for the reasons I have stated. I would have preferred to reduce those reasons to writing, as I would have liked to have reduced to writing the reasons for my views on the other motions and on the petition, but recognizing the urgency of the matter I prefer to indicate orally my views on all the matters before me. I hope, however, that you will not think that I have not given careful consideration to all the evidence before me and to all the legal questions you have raised. The testimony is fresher in my mind today than it ever will be, and I see no reason to postpone a decision on the facts. On the legal questions I have made sufficient study to dispose of them, and although it would be better to have a written opinion, I waive that in the light of the urgency of the matter.
The motion to dismiss for lack of jurisdiction over the individual respondents, of September 30, 1954, is denied. That apparently is in effect a demurrer to the petition. I believe the petition states a cause of action.
The motion to dismiss under Rule 12 (b) (6), Fed.Rules Civ.Proc. 28 U.S.C.A. is likewise denied in the light of the evidence before me and the reasons as given.
The motion of the respondents at the close of the petitioners' case for dismissal of the petition on the ground of insufficient evidence on which I reserved decision yesterday is denied.
Coming to the merits of the case, I wish to emphasize that I do not sit here as the Board, undertaking to determine whether an unfair labor practice has been committed as charged. My function is narrow and limited. The statute so decrees. Nor do I sit here to determine either the validity or the wisdom of the collective bargaining agreement between the UTM and the Puerto Rico Steamship Association. I must confess that I would be considerably troubled if it were necessary for me to determine the *423 issues before me on the facts on their merits.
However, I believe it is my duty to grant the petition for temporary injunction, in view of the fact that the record before me, particularly the documentary evidence, satisfies me that there is enough evidence in the hands of the Board presented to this Court to justify a hearing before the Board on these issues. I interpretperhaps I am mistaken in giving it that interpretation but I interpret the terms of the statute to mean substantially the same as the historic function of the grand jury, where it must determine probable cause for a man to be tried. I can not find that the Board has no basis for this charge. I think the Board has some basis to go forward. I make no comment on its merits. It may be that the Board will find the charge is without basis after full consideration, and will dismiss it. That I will not regard as inconsistent with my view that there is probable cause for the petition for injunction. The injunction is merely a stop-gap, which will enable the Board to make effective its decision and therefore I make it as clear as I possibly can that in granting this petition I make no finding that these charges are true, but I can not ignore the documentary evidence which seems to indicate prima facie that ILA and its islandwide officials and its local officials at Mayaguez were all engaged in various activities which undertook not only to criticise this collective bargaining agreement but also were calculated to force the parties to permit them to participate in it, and if that failed to impair the operation of its terms so that in final effect these respondents would be enabled to bargain with the steamship companies for a different or modified collective bargaining agreement. In view of those conclusions, I am constrained to grant the petition for injunction. If the petitioners will prepare proposed findings of fact and conclusions of law and a judgment, if I find them satisfactory, and may I add that you should serve them on the respondents, I shall enter them forthwith.
I believe it was appropriate to announce my decision so the parties can be guided accordingly in their practical decisions while these documents are in preparation.
Mr. Sheehan: We will accept the decision as binding as of this moment. It was so discussed, and I will so instruct my clients.
The Court: It is a praiseworthy attitude, and in keeping with your conduct throughout this case.
Mr. Lieberman: I am not too familiar with the preparation of proposed findings and judgment. I have some prepared and I could serve them now and the respondents could bring in their counter-proposals Monday morning or Monday afternoon.
The Court: Submit them to the Clerk Monday morning, and she will see that I get them on Monday at 2:00 P.M. The matter is no longer acute in view of Mr. Sheehan's constructive announcement that his client will obey the injunctive mandate of the Court as of now.
Is there anything further? If not, thank you again, and the Court will adjourn until further order.
Mr. Lieberman: May I express my appreciation to Your Honor for your extreme consideration in listening to us these two days?
The Court: It was my duty.
Mr. Lieberman: I think you went beyond your duty.